[Crim. No. 15283. Second Dist., Div. Five. Nov. 5, 1969.]

THE PEOPLE, Plaintiff and Respondent, v.
MARGARET M. BERUMEN, Defendant and Appellant.

472

**COUNSEL**

Lawrence M. Nagin, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and George J. Roth, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**STEPHENS, J.**—By information, defendant was charged with a violation of Health and Safety Code section 11500 (possession of heroin). A prior conviction of the same offense was also alleged. Defendant pleaded not guilty and denied the prior conviction.

On October 24, 1967, outside the presence of prospective jurors, defendant admitted the prior conviction. The jury was then impaneled. Again outside the presence of the jury, defendant moved to suppress the evidence. Testimony was taken, and the motion was argued and denied. The case was then tried. The jury became hopelessly deadlocked, and a mistrial was declared.

On January 3, 1968, the case was again called for trial. Defendant was represented by the same private counsel as at the first trial. Prior to the calling of a jury panel, defendant moved to suppress the evidence, pursuant to Penal Code section 1538.5. The court denied the motion without taking testimony, because it was not timely according to the provisions of the statute. Defendant's motion to dismiss the cause was denied. There is a dispute as to whether defendant then admitted the prior conviction.

After a jury trial, defendant was found guilty as charged. A motion for a new trial was denied. Defendant's motion to strike the prior conviction was denied without prejudice. Narcotic addiction proceedings were filed against defendant, and she was ordered committed to the California Rehabilitation Center.

Defendant raises three issues on her appeal from the order denying her motion for a new trial: (1) the conduct of her defense counsel and the trial court reduced defendant's trial to a sham and a farce; (2) to apply Penal Code section 1538.5 in a case where the first trial was held before its enactment is to make it an unconstitutional ex post facto law; (3) the trial court erred in finding that defendant had suffered a prior conviction under Health and Safety Code section 11500.

On November 8, 1967, after the conclusion of the first trial and before

the commencement of the second trial, Penal Code section 1538.5 became law. Subdivision (m) of section 1538.5 provides in part: "The proceedings provided for in this section, Section 995, Section 1238, and Section 1466 shall constitute the sole and exclusive remedies prior to conviction to test the unreasonableness of a search or seizure where the person making the motion for the return of property or the suppression of evidence is a defendant in a criminal case and the property or thing has been offered or will be offered in evidence against him." ■ Therefore, when the trial court denied defendant's motion without taking testimony, she was precluded from raising the issues of probable cause for her arrest and the legality of the ensuing search. At the time of trial, she was limited to the defenses of lack of knowledge, and dominion and control. Defendant argues that her attorney had adequate opportunity to give timely notice pursuant to section 1538.5, and his failure to do so deprived her of the effective aid of counsel and reduced her trial to a sham and a farce. Defendant relies upon *People* v. *Ibarra,* 60 Cal.2d 460, 464 [34 Cal.Rptr. 863, 386 P.2d 487], which states: "It is counsel's duty to investigate carefully all defenses of fact and of law that may be available to the defendant, and if his failure to do so results in withdrawing a crucial defense from the case, the defendant has not had the assistance to which he is entitled. [Citations.]" In *Ibarra,* defendant's counsel failed to object to the introduction of evidence because he mistakenly believed that a defendant could not challenge the legality of a search and seizure when he denied the evidence was taken from him, and asserted no proprietary interest in the premises that were entered. As the court there stated: "Counsel's failure to research the applicable law precluded the exercise of judgment on his part and deprived defendant of an adjudication of what was clearly the stronger of the two defenses available to him. . . . Counsel's statement to the court makes perfectly clear that his decision reflected, not judgment, but unawareness of a rule of law basic to the case; a rule that reasonable preparation would have revealed. Counsel's failure to object precluded resolution of the crucial factual issues supporting defendant's primary defense. It thereby reduced his trial to a farce and a sham."

In the instant case, however, unlike *Ibarra,* defendant's counsel was well aware that he had a right to object to the evidence. He simply failed to follow the statutory requirement of giving timely notice before making his motion to suppress the evidence. If we are to accept defendant's argument and hold that her counsel's failure to give timely notice of his motion reduced her trial to a farce and a sham, then the notice-requirement of section 1538.5 will become meaningless. Every defendant whose counsel fails to give timely notice under section 1538.5 will then be entitled to a reversal. We must assume that the Legislature had a purpose in drafting the statute the way it did. To reach the decision suggested by defendant would be to nullify that purpose.

Defendant was represented by the same privately obtained attorney at both trials. There had been a full hearing before the trial court on the defendant's motion to suppress the evidence at the first trial. Since there had been one unsuccessful hearing before the superior court on the question of admissibility of the evidence, a further such hearing (after the effective date of section 1538.5) may well have appeared to defense counsel to be a useless act.

Defendant also contends that the requirement of 10 days' notice of a motion to suppress evidence in accordance with Penal Code section 1538.5 results in an ex post facto application in the instant case and is unconstitutional. We see no merit to this contention. It is conceded that the statutory change (Pen. Code, § 1538.5) is a procedural rather than a substantive one. No right which defendant had possessed had been taken from her by the promulgation of section 1538.5. Ample time (45 days) existed between the effective date of section 1538.5 and the date of trial to give the required 10-day notice, and counsel did not claim lack of knowledge of either the section or its requirement as to notice.[1]

Defendant finally argues that the trial court erred in finding that the defendant suffered a prior conviction under Health and Safety Code section 11500. Prior to the impaneling of the jury, the following colloquy took place:

"THE COURT: All right. Then you may rearraign the defendant on the prior.

"MR. BYRNE [deputy district attorney]: Thank you, your Honor.

"Margaret M. Berumen, is that your true and correct name?

"THE DEFENDANT: Yes.

"MR. BYRNE: At this time you are charged under felony Information No. A222058 in Count II of that Information that you, on or about the 16th day of March 1956, in the Superior Court, State of California, for the County of Los Angeles, that you were convicted of the crime of violation of Section 11500, Health and Safety Code, in that you did possess heroin at that time. Do you admit or deny that prior allegation?

"THE DEFENDANT: Yes.

"MR. BYRNE: Do you admit or deny that you were convicted of that crime in March of 1956?

---

[1]We do not hold that merely because a section 1538.5 hearing determines admissibility on the search and seizure issue the same evidence may not be admissible for other purposes. For instance, the court may not exclude that same testimony if it has a bearing on credibility of the prosecution's witnesses. (Evid. Code, §§ 780 and 785.)

"THE DEFENDANT: Yes.

"MR. DAMON [defense counsel]: Admitted and may the record further show that the defendant served a six-month sentence, straight sentence in the County Jail?

"THE COURT: It's already been shown."

On the date set for the defendant's probation and sentencing hearing and motion for a new trial, defendant's counsel moved to strike the prior conviction. The motion was denied. Defendant argues that her answers to the district attorney's questions were nonresponsive and that her attorney could not admit or deny the prior on her behalf. Conceding that defendant's answers were ambiguous, we believe that she is bound by her counsel's subsequent admission (interpretation of his client's replies). █ If a defendant elects to be represented by an attorney, the latter has the authority and duty to introduce evidence, examine and cross-examine witnesses, and make motions, objections, and stipulations. (*People* v. *Gibbs,* 188 Cal.App.2d 596, 603 [10 Cal.Rptr. 581]; *People* v. *Logan,* 137 Cal.App.2d 331 [290 P.2d 11].) In the case of *People* v. *Jaquish,* 244 Cal.App.2d 444 [53 Cal.Rptr. 123] (disapproved on other grounds in *People* v. *Rivers,* 66 Cal.2d 1000 [59 Cal.Rptr. 851, 429 P.2d 171]), the defendant argued that the court had erred in admitting evidence of his prior convictions because the record did not show that defendant was ever arraigned on their truth or falsity. However, defendant's counsel had stipulated to the introduction of evidence of the priors. The court held that defendant was bound by his counsel's stipulation. Applying the rationale of *Jaquish,* we hold that defendant is bound by her counsel's admission of her prior conviction.

The order denying motion for new trial[2] is affirmed; the appeal from the nonexistent judgment is dismissed. (*People* v. *Murphy,* 70 Cal.2d 109, 115 [74 Cal.Rptr. 65, 448 P.2d 945].)

Kaus, P. J., and Aiso, J., concurred.

---

[2](Pen. Code, § 1237, subd. 2, as of February 9, 1968, when notice of appeal was filed.)