71 Cal.App.3d 817 (1977)
139 Cal. Rptr. 673
THE PEOPLE, Plaintiff and Respondent, BONNIE LYNN LEWIS, Defendant and Appellant.
Docket No. 30180.
Court of Appeals of California, Second District, Division Five.
July 19, 1977.
*819 COUNSEL
Sandra S. Sawyer for Defendant and Appellant.
John K. Van de Kamp, District Attorney, Donald J. Kaplan and Sterling S. Suga, Deputy District Attorneys, for Plaintiff and Respondent.
OPINION
ASHBY, J.
Defendant, following a jury trial, was convicted in municipal court of two counts of receiving stolen property (Pen. Code, § 496), and was sentenced to serve ninety days in county jail. She appealed from the judgment. We ordered the matter transferred to this court upon certification by the Appellate Department of the Los Angeles Superior Court that transfer was necessary to settle important questions of law. (Rule 63, Cal. Rules of Court.)
The record on appeal includes an engrossed statement of facts which was certified correct by the trial court. The pertinent facts contained therein are these: Defendant entered a plea of not guilty in the Beverly Hills Municipal Court on May 27, 1976, at which time her counsel, a deputy public defender, indicated to the court that he wished the matter set for a pretrial hearing and motion to suppress (Pen. Code, § 1538.5) *820 on June 18, 1976. No formal notice of the motion to suppress was given to the district attorney or the court prior to June 18, 1976.
Since October 15, 1973, the Beverly Hills Municipal Court has had written rules in effect governing motions under section 1538.5 in misdemeanor cases which require that such motions must be in writing and must be served on the district attorney at least 10 days prior to the hearing; that the grounds for the motion be stated with particularity; that if counsel desires the seized evidence to be produced at the hearing that the motion contain a demand therefor; and that at the time of arraignment and prior to pretrial counsel should indicate to the court his intention to file a section 1538.5 motion and secure from the court a date and time for a hearing.
On June 18, 1976, the district attorney objected to consideration of the section 1538.5 motion because of defense counsel's failure to serve the required written notice. The court refused to entertain the motion. Defendant, who was in custody, refused to waive time and the matter was set for trial on June 28, 1976. On the latter date, defense counsel, a second deputy public defender, requested that a section 1538.5 hearing be held prior to trial. The request was denied as untimely and the matter proceeded to trial.
On appeal defendant contends first, that the court abused its discretion in refusing to consider her motion to suppress and second, that her counsel were incompetent because of their failure to comply with the local rules of court with respect to such motions.
(1) Defendant relies upon People v. Manning, 33 Cal. App.3d 586 [109 Cal. Rptr. 531], wherein the court held that section 1538.5, subdivision (g), itself does not require such motions to be in writing. Nothing in Manning precludes the adoption of local rules calling for written notice of motion, however. In fact, the court stated in Manning that it had no doubt that local rules would govern suppression motions under section 1538.5, subdivision (g), since the section "speaks with reference to established motion practice, rather than providing a unique one of its own." (33 Cal. App.3d at p. 598.) The rule adopted by the Beverly Hills Municipal Court, being neither inconsistent with law nor with any rules adopted by the Judicial Council (Gov. Code, § 68070), provided an *821 adequate basis for the trial court's refusal to consider defendant's motion to suppress.
(2) As for defendant's second contention, the failure of counsel to give timely notice of motion is insufficient, standing alone, to establish counsel's incompetence. (People v. Berumen, 1 Cal. App.3d 471, 474 [81 Cal. Rptr. 757].) In order to establish incompetence, a defendant must show that counsel's ignorance or lack of diligence reduced the trial to a farce and a sham. (People v. Ibarra, 60 Cal.2d 460 [34 Cal. Rptr. 863, 386 P.2d 487].) We know that defense counsel was not ignorant of the rule requiring written notice. If he was not aware of it earlier he was put on notice at least as early as June 18th, by the district attorney's objection to the court's consideration of the motion to suppress not only as to the existence of the rule, but as to the People's intention to rely on it. There was, as of that date, still time for counsel to file a written notice of motion which would have permitted a hearing on June 28th, prior to trial. The record before us is totally silent as to why this was not done and we can only speculate as to whether the failure was due to counsel's lack of diligence or whether it was the result of a tactical decision. For all we know, when counsel tried to put the motion on paper, it would not write. The burden of establishing incompetence rests with defendant and it must be shown as demonstrable reality, not as mere speculation. (People v. Reeves, 64 Cal.2d 766, 774 [51 Cal. Rptr. 691, 415 P.2d 35].) Defendant thus has failed to sustain her burden of proof.
The judgment is affirmed.
Kaus, P.J., concurred.
STEPHENS, J.
I concur.
On May 25, 1976, defense counsel "indicated" to the court that defendant desired a hearing on a section 1538.5 motion and June 18, 1976, was set for that proceeding. The written rule of court in part reads: "4. At the time of arraignment and prior to pre-trial, counsel shall indicate to the court his intention to file a motion under this section [1538.5] and secure from the court a date and time for a hearing." Counsel complied with this portion of the rule, but failed to comply with the additional requirements of 10 days written notice to the district attorney and specificity of grounds.
*822 Based on these facts, I conclude that defense counsel was aware of the rule but after analysis he determined not to proceed with such a motion. That determination is a tactical one and no error results.
The court and district attorney were entitled to rely upon the apparent abandonment of the "indicated" motion.