[Crim. No. 39265. Second Dist., Div. Two. Oct. 9, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIAM DELBERT WALLIN, Defendant and Appellant.

COUNSEL

Brown, Baron & Madden and Peter Brown for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Marc E. Turchin and Sharlene A. Honnaka, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

COMPTON, J.—A jury found defendant guilty of possessing marijuana for sale, possessing amphetamines and possessing barbiturates. He appeals from the judgment of conviction. We affirm.

Defendant's principal contention on appeal is that his trial counsel was incompetent in that he failed to make a timely suppression motion pursuant to Penal Code section 1538.5.

The evidence against defendant was all seized pursuant to a search warrant at defendant's residence. Apparently one of the bases for the search warrant was information provided by one David Monroe. Prior to trial, at defendant's request, the People disclosed Monroe's identity.

At the time of the seizure, defendant stated to the officers that he had purchased the marijuana for $500 and intended to sell it in matchbox quantities for $10 each. The officers recovered a number of matchboxes on the premises. As to the other drugs, defendant stated that they belonged to his wife who was in a federal hospital in Kentucky.

At trial, defendant admitted the presence on the premises of the contraband and admitted making the statements attributed to him. He testified, however, that the marijuana was brought to the premises by an unknown person who asked the defendant to hold it for David Monroe.

Further, defendant testified that he had brought the various barbiturates and amphetamines to California from Missouri in February 1979, at the suggestion of a sheriff in that state. They had been kept in a nursing home in Missouri which defendant and his wife operated prior to her commitment to the federal hospital for writing improper prescriptions. The seizure of the evidence here occurred in January of 1980.

On the day set for trial, defendant's trial counsel[1] advised the court that he had inadvertently failed earlier to make a motion pursuant to Penal Code section 1538.5, and proceeded to make the motion at that time. The trial court denied the motion as untimely.

After conviction, defendant discharged his trial counsel and engaged the services of the law firm which represents him on this appeal. A representative of that firm appeared and made a motion for a new trial on several grounds including, inferentially, the incompetence of trial counsel. The motion was a rather perfunctory one which merely suggested hypothetical possibilities for quashing the search warrant. No substantial or specific alleged defects in the warrant were pointed out and defendant's counsel made no offer of proof as to what evidence he could produce in challenging the validity of the warrant. The warrant, of course, was presumed to be valid. (*People* v. *Phillips* (1958) 163 Cal. App.2d 541, 546 [329 P.2d 621], disapproved on other grounds; *People* v. *Butler* (1966) 64 Cal.2d 842 [52 Cal.Rptr. 4, 415 P.2d 819].)

Other than the alleged inadvertent failure of trial counsel to make a timely motion for suppression, the record contains no hint that trial

---

[1]Trial counsel was not appointed counsel, but was privately engaged by defendant.

counsel was other than a competent and diligent attorney. The failure to move for suppression was not the result of ignorance of the facts or the law. Counsel demonstrated that he was well aware of the procedure and the time constraints.

Considering the content of defendant's testimony, which was tantamount to a judicial confession, the jury's verdict was the only one which was reasonably to be expected. Defendant's counsel on appeal contends that defendant's only defense against the evidence was to suppress it.

■ Trial counsel's failure to make a motion to suppress does not automatically, and as a matter of law, mark him as incompetent nor entitle defendant to a reversal of the conviction. (Compare *People* v. *Martinez* (1975) 14 Cal.3d 533 [121 Cal.Rptr. 611, 535 P.2d 739]; *People* v. *Lewis* (1977) 71 Cal.App.3d 817 [139 Cal.Rptr. 673]; *In re Lower* (1979) 100 Cal.App.3d 144 [161 Cal.Rptr. 24].)

The trial judge is the one best situated to determine the competency of defendant's trial counsel. Where, as here, defendant is represented by different counsel at the motion for a new trial and the issue is called to the trial court's attention, the trial judge's decision is especially entitled to great weight and we defer to his fact finding power. ■ Absent a showing of clear and unmistakable abuse, we will not disturb his decision. (*People* v. *McDaniel* (1976) 16 Cal.3d 156 [127 Cal.Rptr. 467, 545 P.2d 843]; *People* v. *Marchialette* (1975) 45 Cal.App.3d 974 [119 Cal.Rptr. 816].)

■ The issue then is whether the defendant, as a matter of law, is entitled to any relief short of reversal of the judgment. We of course have the power to remand the matter to the trial court solely for the purpose of conducting a hearing pursuant to Penal Code section 1538.5. That course of action would, however, amount to a frustration of the underlying objective of Penal Code section 1538.5 and Penal Code section 1510.[2]

---

[2]Penal Code section 1510 provides: "The denial of a motion made pursuant to Section 995 or 1538.5 may be reviewed prior to trial only if the motion was made by the defendant in the trial court not later than 45 days following defendant's arraignment on the complaint if a misdemeanor, or 60 days following defendant's arraignment on the information or indictment if a felony, unless within these time limits the defendant was unaware of the issue or had no opportunity to raise the issue."

The spirit and purpose of those two sections is to require a defendant to raise the issue of suppression and have it determined prior to trial, without any needless postponement of the trial date.

To permit defense counsel to wait until the date of trial and then move to suppress simply on the grounds that he "forgot" to do so earlier and, when the trial court refuses to hear the untimely motion, permit defendant to follow on with a successful claim of incompetence of counsel would effect a repeal of Penal Code section 1538.5, subdivision (i)[3] and section 1510.

Inadvertent or not, we can only characterize trial counsel's delay in making the motion as a tactical matter. Perhaps his desire was to obtain a continuance for some reason. It is not our role, however, to divine what was in counsel's mind. ■ The burden is on defendant to show that his counsel was incompetent and that that incompetence deprived him of a possible meritorious defense. (*People* v. *Pope* (1979) 23 Cal.3d 412 [152 Cal.Rptr. 732, 590 P.2d 859].)

■ From the reading of the record it is evident that quashing of the warrant was not a key feature of trial counsel's tactics. As previously noted, counsel exhibited familiarity with the law and facts. He successfully moved for disclosure of the identity of the informant. What defense that was offered then was to suggest that the marijuana belonged to the informant and that the other drugs belonged to defendant's wife.

■ This case appears to be one in which there simply was no reasonably possible defense. A defendant is entitled only to a fair trial with competent representation. Counsel, in order to appear competent, need not indulge in idle acts. Further, a defendant, while entitled to reasonably competent representation, is not guaranteed a successful defense or

---

[3]Penal Code section 1538.5, subdivision (i) provides: "If the property or evidence obtained relates to a felony offense initiated by complaint and the defendant was held to answer at the preliminary hearing, or if the property or evidence relates to a felony offense initiated by indictment, the defendant shall have the right to renew or make the motion in the superior court at a special hearing relating to the validity of the search or seizure which shall be heard *prior to trial and at least 10 days after notice to the people* unless the people are willing to waive a portion of this time. The defendant shall have the right to litigate the validity of a search or seizure de novo on the basis of the evidence presented at a special hearing. After the special hearing is held in the superior court, any review thereafter desired by the defendant prior to trial shall be by means of an extraordinary writ of mandate or prohibition filed within 30 days after the denial of his motion at the special hearing." (Italics added.)

even a letter-perfect defense. Even the most competent counsel may from time-to-time make decisions or conduct himself in a manner which might be criticized by other equally competent counsel but that is not the measure of competency of counsel on review by an appellate court. Defendant's other contentions are devoid of merit. Defendant was fairly tried and no miscarriage of justice occurred. (Cal. Const., art. VI, § 13.)

The judgment is affirmed.

Roth, P. J., and Beach, J., concurred.

A petition for a rehearing was denied November 3, 1981, and appellant's petition for a hearing by the Supreme Court was denied December 23, 1981.