Filed 12/15/25  P. v. Arnold CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JASON ARNOLD,<br><br>    Defendant and Appellant. | 2d Crim. No. B338391<br>(Super. Ct. No. 2023029743)<br>(Ventura County) |

Jason Arnold appeals the judgment after a jury convicted him of stalking (Pen. Code,[1] § 646.9); sending a threatening letter for extortion (§ 523); and three counts of distributing private intimate photos (§ 647, subd. (j)(4)(A)).  He contends the trial court erred in the denial of his speedy trial motion, and the court's evidentiary rulings denied his right to confront and cross-examine witnesses.  We affirm.

---

[1] Unless otherwise noted, all further statutory references are to the Penal Code.

## FACTS AND PROCEDURAL HISTORY

Arnold and H.P. were in a dating relationship. Before they started dating, Arnold saw her for chiropractic treatment. Their relationship ended in April 2019.

Arnold did not want the relationship to end. He wrote letters and sent text messages and e-mails to H.P. begging her to stay. In November 2019, H.P. found an envelope on her car which contained nude photographs of her. Arnold was the only person who had access to those photographs.

H.P. later received an e-mail from Arnold that indicated he had filed a complaint with the Board of Chiropractic Examiners about treatment he received when he was her patient. The chiropractic board found H.P. violated some rules when she treated Arnold, his ex-wife, and daughter.

Between November and December 2019, H.P. received several text messages from a number she did not recognize. The messages contained explicit language and pictures, threatening to turn her nude photographs into sexual advertisements listing her name and contact information, and posting them at various areas around town including her children's school. H.P. found a sexual advertisement flyer depicting her on the bathroom doors at her place of employment. H.P.'s boyfriend and family members also received the same text messages. Police found nude photographs of H.P. and language identical to that used in the text messages and advertisements on Arnold's cell phone and computer.

The jury found Arnold guilty of stalking (§ 646.9, subd. (a)); sending a threatening letter for extortion (§ 523); and three counts of distributing private intimate photos (§ 647, subd. (j)(4)(A)). Imposition of sentence was suspended, and Arnold was

2

placed on formal probation for three years with specified terms and conditions.

## DISCUSSION

### *Speedy Trial Motion*

On March 18, 2024, the day trial began, Arnold filed a motion to dismiss pursuant to *Serna v. Superior Court* (1985) 40 Cal.3d 239, alleging a violation of his speedy trial rights. The motion claimed the prosecution improperly dismissed Arnold's prior case on the last day and subsequently re-filed it resulting in delays which prejudiced the defense. The motion was served on the prosecution the morning of the hearing. The trial court dismissed the motion finding Arnold failed to give proper, timely notice. Arnold contends this was error. We disagree.

In a criminal case, parties are required to notice all pretrial motions prior to the hearing date. (*Daws v. Superior Court* (2019) 42 Cal.App.5th 81, 87.) They must comply with California Rules of Court, rule 4.111(a), which requires all pretrial motions to be filed and served at least 10 court days before the hearing. The trial court may consider the failure to serve and file the motion within the time permitted without good cause as an admission the motion is without merit. (*Id.*, subd. (b).)

Here, Arnold did not give proper notice and did not comply with the rules of court. The motion was filed and served the same day the jury trial began. The prosecutor confirmed receipt of the motion earlier that morning and had no opportunity to respond. Given his failure to comply with the filing rules and procedures, the trial court did not err in dismissing his motion. (See *People v. Lewis* (1977) 71 Cal.App.3d 817, 820-821 [no error in the trial court's refusal to consider the defendant's motion to suppress due to his failure to comply with the local court rule

regarding written motions]; *Sabato v. Brooks* (2015) 242
Cal.App.4th 715, 723 [a trial court may properly refuse to
consider a litigant's position when there is no compliance with
filing rules and procedures].)

*The Right to Confront and Cross-Examine Witnesses*

Arnold contends the trial court violated his Sixth
Amendment right to confront and cross-examine witnesses when
it excluded: 1) full cross-examination on the chiropractic board
charges and discipline of H.P.; 2) testimony of the chiropractic
board investigator; and 3) cross-examination of H.P. about a rape
allegation she made in a civil suit against Arnold.  We are not
persuaded.

Arnold sought to introduce the full details of the
chiropractic board's disciplinary action against H.P., including
testimony from the investigator, to show H.P. initially denied the
allegations but later admitted them and signed a stipulation.
The trial court noted that admitting all the information Arnold
requested "will not only necessitate undue consumption of time,
[but also] create[] substantial danger of undue prejudice and . . .
confusing the issues or misleading the jury."  The court denied
Arnold's requests in part and stated his right to cross-examine
and confront adverse witnesses "can be accomplished in a way
while balancing Evidence Code section 352."  The court ruled that
the chiropractic board's decision that H.P. violated the policies
and guidelines and the fact that Arnold was involved in that
decision were admissible, but the specific facts about the
violations were inadmissible.  The court also ruled the existence
of the civil suit and countersuit and the fact each involved money
were admissible, but the specific allegations in the civil case,

4

including the rape allegation, were inadmissible.  There was no error in these rulings.

" 'Within the confines of the confrontation clause, the trial court retains wide latitude in restricting cross-examination that is repetitive, prejudicial, confusing of the issues, or of marginal relevance.' " (*People v. Ayala* (2000) 23 Cal.4th 225, 301.) "Moreover, reliance on Evidence Code section 352 to exclude evidence of marginal impeachment value that would entail the undue consumption of time generally does not contravene a defendant's constitutional rights to confrontation and cross-examination." (*People v. Brown* (2003) 31 Cal.4th 518, 545.)  If the impeachment evidence is on a collateral matter and only slightly probative of the witness's veracity, the evidence may be properly excluded under Evidence Code section 352 and the defendant's right of confrontation is not infringed.  (*People v. Jennings* (1991) 53 Cal.3d 334, 372.)  "A trial court's limitation on cross-examination pertaining to the credibility of a witness does not violate the confrontation clause unless a reasonable jury might have received a significantly different impression of the witness's credibility had the excluded cross-examination been permitted." (*People v. Quartermain* (1997) 16 Cal.4th 600, 623-624.)

In this case, Arnold was permitted to conduct effective cross-examination of H.P.  The trial court allowed Arnold to cross-examine H.P. about the discipline she received from the chiropractic board for rule violations in her treatment of him and his family, presumably to impeach her credibility and show she had a motive to retaliate against him for filing the board complaint.  The court reasonably found Arnold's request to further impeach H.P. with the investigator's testimony that H.P.

5

initially denied the allegations but later admitted them was unnecessary. H.P. admitted she violated the chiropractic board's rules. Anything more on this issue would be a time-consuming inquiry into a collateral administrative proceeding that would be of marginal relevance for impeachment. (*People v. Contreras* (2013) 58 Cal.4th 123, 152.) Trial courts have broad discretion " ' "to prevent criminal trials from degenerating into nitpicking wars of attrition over collateral credibility issues." ' " (*People v. Pearson* (2013) 56 Cal.4th 393, 454.)

Nor do we find error in the exclusion of the rape allegation in the civil suit. This allegation had no factual connection to any of the criminal offenses charged and Arnold sought to attack H.P.'s credibility by showing that allegation was false. This would have triggered a trial within a trial on a wholly collateral issue. Under these circumstances, the application of Evidence Code section 352 to restrict cross-examination on that issue did not contravene Arnold's constitutional rights. (*People v. Brown, supra*, 31 Cal.4th at p. 545.)

Moreover, Arnold has not shown he was prejudiced by the trial court's evidentiary rulings. The People's case was strong and presented compelling evidence of guilt. The detective's testimony showed Arnold was the one who sent the threatening and explicit text messages to H.P. and her family members. The jury did not find Arnold to be credible. Given the strength of the People's case, Arnold has not shown a reasonable probability of a different result had the trial court made different rulings on the admissibility of evidence or the scope of cross-examination. (*In re Sassounian* (1995) 9 Cal.4th 535, 550; *People v. Watson* (1956) 46 Cal.2d 818, 836.)

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

HIPPACH, J.*

We concur:

BALTODANO, Acting P. J.

CODY, J.

---

* (Judge of the Santa Barbara Sup. Ct  assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

7

Paul W. Baelly, Judge

Superior Court County of Ventura

_____

Law Offices of Michael D. Kwasigroch and Michael D. Kwasigroch for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Chung L. Mar, Deputy Attorneys General, for Plaintiff and Respondent.