[No. D009402. Fourth Dist., Div. One. Nov. 21, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT SAMUEL HALLMAN, Defendant and Appellant.

**COUNSEL**

Gordon M. Jackson, Jr., for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney

General, Robert M. Foster and Carl H. Horst, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**HUFFMAN, J.**—After denial of his pretrial motion to suppress evidence pursuant to Penal Code section 1538.5[1] and exhaustion of his pretrial remedies of review of that denial, Robert Samuel Hallman pleaded guilty of driving under the influence of intoxicating beverages (Veh. Code, § 23152(b)). He then unsuccessfully appealed to the appellate department of the San Diego Superior Court arguing his pretrial motion was erroneously denied on procedural grounds and asked that court to reconsider its earlier ruling and to reverse itself. That appellate body unanimously affirmed the judgment of the municipal court, finding Hallman was precluded from raising the identical issue again postconviction on the basis of the doctrines of collateral estoppel, res judicata, or alternatively, the law of the case. The appellate department certified the matter to this court to resolve as a question of first impression in California "whether post conviction review of a Penal Code section 1538.5 motion is barred by the doctrines of res judicata and collateral estoppel where there has been an interim appeal on the identical issue pursuant to Penal Code section 1538.5(j)."

After certification and oral argument, we asked the Attorney General to file a letter brief on the matter and to include a discussion of the applicability and persuasiveness of *Wilder* v. *Superior Court* (1979) 92 Cal.App.3d 90 [154 Cal.Rptr. 494] as it concerns suppression motions alleging a warrantless search and seizure.[2] Consistent with Supreme Court precedent and the available legislative history, we conclude the Legislature did not intend to preclude postconviction review of the denial of a defendant's section 1538.5 motion. Having so decided, we address the issue raised by Hallman on his postconviction appeal and further conclude, contrary to the procedure adopted in *Wilder* v. *Superior Court, supra,* 92 Cal.App.3d 90, a trial court can, by local rule, require the moving party in section 1538.5 motions to set forth with specificity the grounds and theories to support the motion to suppress evidence. In so doing, we hold the decision in *Wilder* has no support in either section 1538.5 or in the constitutional burden of proof and hold the pleading procedure contained in El Cajon Municipal Court Rules, rule 604 (rule 604) is valid and may be imposed in motions brought under

---

[1] All statutory references are to the Penal Code unless otherwise specified. When referring to statutory subparts we omit repetition of the word "subdivision."

[2] The Attorney General was inadvertently not notified of the transfer and calendaring of this matter as required by California Rules of Court, rule 62(e).

section 1538.5. Accordingly, we affirm the municipal court's judgment of conviction.

### FACTUAL AND PROCEDURAL BACKGROUND

Charged with a misdemeanor,[3] Hallman moved to suppress evidence pursuant to section 1538.5. At the beginning of the hearing on the motion, Hallman, relying upon the procedure in *Wilder* v. *Superior Court, supra,* 92 Cal.App.3d 90, 96-97, offered to call the arresting police officer as a witness to establish a prima facie case his stop and the subsequent taking of body fluids, tests, statements, and evidence were without an arrest or search warrant, and argued the suppression motion must then be granted as the People had failed to justify a warrantless search in its opposing motion papers.

The People, however, objected to the court even entertaining the motion on grounds Hallman had failed to comply with rule 604, which requires a specific statement of the theories relied upon by the moving party in a motion to suppress. The court denied his motion for failing to comply with rule 604.

Hallman immediately pursued his right to pretrial review of the denial pursuant to section 1538.5(j).[4] The appellate department of the superior court affirmed the municipal court's order on grounds Hallman's moving papers lacked specificity. Hallman then unsuccessfully petitioned that appellate department for rehearing and certification. Finally, Hallman petitioned this court for a writ of mandate. We summarily denied his petition "without prejudice to the defendant raising the issue on appeal should he be convicted."

Having exhausted his pretrial remedies, Hallman pleaded guilty to driving under the influence. Thereafter, he filed a second appeal in the appellate

---

[3] Although the criminal complaint filed in this case shows Hallman was charged with three separate misdemeanor driving under the influence crimes and was alleged to have suffered a prior drunk driving offense, the settled statement on appeal to the appellate department shows he was charged with one violation of Vehicle Code section 23152 and then pleaded guilty to that one charge. Because, upon certification, we have similar power to review any matter and make orders and judgments as the superior court would have in this case (Cal. Const., art. VI, § 11; Code Civ. Proc., § 911), we accept those facts presented to the superior court by way of the settled statement as the record of the proceedings before the municipal court for purposes of this appeal and review that record and the arguments de novo.

[4] Section 1538.5(j) provides in relevant part: "If the property or evidence seized relates solely to a misdemeanor complaint, and the defendant made a motion for the return of property or the suppression of evidence in the municipal court or justice court prior to trial, both the people and defendant shall have the right to appeal any decision of that court relating to that motion to the superior court of the county in which such inferior court is located, in accordance with the California Rules of Court provisions governing appeals from municipal and justice courts in criminal cases."

department of superior court urging as grounds for reversal the identical issue previously raised. In a written opinion that court concluded Hallman was barred by the doctrine of res judicata from relitigating the issue. However, recognizing that the issue presented involved an important question of law, it certified this case to us for further review. Hallman now demands a postconviction review of his motion to suppress pursuant to section 1538.5(m).

DISCUSSION

I

*Postconviction Review of a Section 1538.5 Motion*

Section 1538.5(m) provides in relevant part: "(m) . . . A defendant may seek *further review* of the validity of a search or seizure on appeal from a conviction in a criminal case notwithstanding the fact that such judgment of conviction is predicated upon a plea of guilty." (Italics added.)

In *People* v. *Medina* (1972) 6 Cal.3d 484 [99 Cal.Rptr. 630, 492 P.2d 686], the Supreme Court held that a defendant does *not* forgo his right to seek further review on appeal from a judgment of conviction where he sought pretrial writ review of the denial of his section 1538.5 motion. The defendant in *Medina* moved to suppress evidence allegedly obtained as a result of a warrantless search. The superior court denied the motion. Medina then unsuccessfully petitioned the Court of Appeal for a writ of prohibition to review the superior court's decision and the Supreme Court denied his later petition for hearing. At the ensuing trial, Medina was convicted of the charged offense and subsequently sought an appeal from that judgment. He once again urged that the warrantless search was unreasonable. The Court of Appeal held its denial of the writ precluded Medina from raising the issue on appeal in accordance with the doctrine of res judicata. Before the Supreme Court, Medina argued that res judicata should not apply because the writ petition had been summarily denied. In its decision, however, the Supreme Court made clear it was basing reversal on the broader ground that res judicata was inapplicable any time the denial of a defendant's section 1538.5 motion—summary or otherwise—was involved.

"In view of the express language of section 1538.5, application of the doctrine of res judicata to give conclusive effect on appeal from a judgment of conviction to an appellate court's earlier decision denying defendant's application for a pretrial writ would be inappropriate *even when the denial of the writ is by an opinion demonstrating adjudication of the merits.* The statute permits the defendant to seek further review of the validity of the

challenged search on appeal from a judgment of conviction, a concept totally at variance with application of the doctrine of res judicata." (*People v. Medina, supra,* 6 Cal.3d 484, 492, italics added.)

We recognize that *Medina* involved interlocutory writ relief whereas this case, arising in the municipal court, concerns an interlocutory appellate remedy. Nonetheless, we view the res judicata principles at issue in both cases to be identical.

The available legislative history supports both the Supreme Court's reasoning in *Medina* and the conclusion we reach here. Before the adoption of section 1538.5, the Assembly Interim Committee Report on Search and Seizure anticipated the very situation before us and rejected the notion that interim appeals would have preclusive effect upon a defendant seeking post-conviction review of his or her section 1538.5 motion. (22 Assem. Interim Com. Rep. (1965-1967) No. 12, pp. 9, 21, 2 Appen. to Assem. J. (1967 Reg. Sess.).) The committee, stating that "[c]onsideration should also be given to the question of whether a defendant should be bound by an adverse ruling on a preliminary appeal. . . .", noted that the various proposals before them specifically provided that a preliminary appeal would *not* be binding and that a defendant could raise an identical issue again following a judgment of conviction. (*Id.* at p. 21.)[5] The report explained, ". . . a second appeal would enable the appellate court to consider the search and seizure issue in the context of the entire case and ensure the defendant of maximum protection for his constitutional rights." (*Ibid.*)

■ There is nothing in the language or history of section 1538.5 which suggests that the Legislature intended *any* pretrial determination of a motion to suppress evidence would be binding on a defendant following a conviction. Further, the Supreme Court in *Medina* concluded that an interim appeal will not preclude a defendant from seeking postconviction review of his section 1538.5 motion. Thus, we hold that the doctrine of res judicata[6]

---

[5] The proposal for what later became section 1538.5 was first introduced in 1965 by Assemblyman Deukmejian as Assembly Bill No. 1651. The proposal was reintroduced in 1967 as Senate Bill No. 88 by now Senator Deukmejian and adopted as section 1538.5. Thus, though the Assembly Interim Committee refers to Assembly Bill No. 1651, the relevant language is identical to that which was eventually enacted. Further, the legislative history does not indicate any attempt by the Legislature to resolve differently the nonbinding effect of interim appeals following a conviction.

We also note that the Assembly Interim Committee report has been repeatedly cited by California courts as evidence of the legislative intent in enacting section 1538.5. (See *People v. Medina, supra,* 6 Cal.3d at p. 488, fn. 3; *People v. Superior Court [Edmonds]* (1971) 4 Cal.3d 605, 610 [94 Cal.Rptr. 250, 483 P.2d 1202]; *People v. Manning* (1973) 33 Cal.App.3d 586, 600 [109 Cal.Rptr. 531].)

[6] Our determination that postconviction review of the denial of a defendant's section 1538.5 motion is not precluded by the doctrine of res judicata applies equally to collateral es-

does not apply here and Hallman is not barred from "further review" of his section 1538.5 motion following his judgment of conviction.

 Accordingly, we turn to Hallman's major issue raised on his post-conviction appeal: whether the trial court properly followed rule 604 in denying his section 1538.5 motion instead of following the procedures set out in *Wilder* v. *Superior Court, supra,* 92 Cal.App.3d 90, 96-97.

## II

### The "Wilder" Motion

In reviewing the merits of Hallman's section 1538.5 motion, we find he relied on *Wilder* v. *Superior Court, supra,* 92 Cal.App.3d 90, 96, for the proposition that once a defendant demonstrates a seizure was without a warrant, the burden shifts to the People to justify the warrantless action. Utilizing the pleading procedure outlined in that opinion, he pleaded a prima facie case and demanded the People proffer their justification to which the defense would reply. (*Wilder* v. *Superior Court, supra,* 92 Cal.App.3d at pp. 96-97.)

The People opposed the motion and suggested procedure, citing rule 604. That rule states: "The notice of motion designating a motion pursuant to Penal Code Section 1538.5 shall specifically describe and list the evidence which is the subject of the motion to suppress; and shall specifically state the theory or theories which shall be relied upon and urged for the suppression of evidence; and cite the specific authority or authorities which will be offered in support of the theory or theories upon which suppression of the evidence is urged." Relying on *People* v. *Manning, supra,* 33 Cal.App.3d 586, 596-597, the People argued rule 604 took precedence over the procedures set out in *Wilder*.[7] The trial judge agreed and denied Hallman's motion to suppress.

Hallman contends the trial court's procedural ruling before the merits of his motion were heard improperly shifted to him the burden of proving the illegality of a warrantless search and seizure. (See *Wilder* v. *Superior Court,*

---

toppel. Further, inasmuch as no opinion was filed in Hallman's original appeal, reliance on the law of the case doctrine to preclude such review is unfounded. (See *People* v. *Medina* (1972) 6 Cal.3d 484, 492 [99 Cal.Rptr. 630, 492 P.2d 686]; *Tally* v. *Ganahl* (1907) 151 Cal. 418, 421 [90 P. 1049].)

 [7]The People's points and authorities in opposition of Hallman's motion made no attempt to argue the merits of the search and seizure issue but instead urged the municipal court to deny the motion without prejudice based on its failure to comply with rule 604. The People also requested leave to argue the merits if the court determined the motion met the rule requirements.

*supra,* 92 Cal.App.3d at pp. 96-97.) We disagree. Although *Wilder* unquestionably supports Hallman's procedural approach to motions to suppress evidence, that procedure is not constitutionally compelled. Consequently, trial courts may require a defendant to follow a different procedure, like that contained in rule 604, than one which allows the defendant to merely allege a warrantless search and seizure in order to properly plead a motion to suppress evidence under section 1538.5.

A fair reading of *Wilder v. Superior Court, supra,* 92 Cal.App.3d 90, shows its holding regarding the pleading procedure for section 1538.5 motions is dictum; that court first resolved the search issues raised there before it gratuitously opined a different briefing schedule for such motions should be followed in the future. Further, the court in *Wilder* did not even discuss or attempt to distinguish the holding in *People v. Manning, supra,* 33 Cal.App.3d 586, 596-597, which had already determined the issue of pleading procedure under section 1538.5.

The adopted *"Wilder"* procedure permits a defendant in the case of warrantless searches and seizures to simply file a first pleading in a motion to suppress evidence under section 1538.5 alleging certain evidence was obtained without a warrant, without offering any theory or elaboration of the reasons for suppression of that evidence before the prosecution is required to plead facts and theories to justify the lack of a warrant and to present evidence to substantiate its theories. Thereafter, the defendant may file a reply brief attacking some or all of the prosecution theories. If the defendant offers conflicting evidence, the burden is on the prosecution to establish by a preponderance of the evidence that the seizure was constitutionally reasonable. (*Guidi v. Superior Court* (1973) 10 Cal.3d 1, 15, fn. 15 [109 Cal.Rptr. 684, 513 P.2d 908].) And, if the defendant fails to raise any specific ground of objection and that ground does not come to the attention of the trial court, under the *"Wilder"* procedure the defendant may then raise the issue for the first time on appeal. (*People v. Sedillo* (1982) 135 Cal.App.3d 616 [185 Cal.Rptr. 475].)

 The court in *Wilder* assumed this procedure was required by the constitutional allocation of the burden of proof set out in *Badillo v. Superior Court* (1956) 46 Cal.2d 269 [294 P.2d 23]; that is, because the Fourth Amendment protects a defendant from unreasonable searches and seizures and warrantless searches are unreasonable unless justified by some exception to the warrant requirement, where a defendant makes out a prima facie case the search was conducted or evidence was seized without a warrant, the burden rests on the People to show proper justification for the search or seizure. (*Id.* at p. 272.) While correctly stating the burden of proof, the court in *Wilder* confused that burden with the normal pleading require-

ments which are imposed on a moving party in any motion. (See Cal. Rules of Court, rules 313(a) & 313(b); *Smith* v. *Superior Court* (1978) 76 Cal.App.3d 731, 734 [143 Cal.Rptr. 109].) Moreover, the *"Wilder"* procedure is a potential trap for the trial court; its vice lies not only in the fact it allows a defendant to file motions to suppress evidence containing no specific information as to the theories of suppression, but in the fact it requires the prosecutor to canvass the entire area of search and seizure law and to raise all conceivable issues (*People* v. *Manning, supra,* 33 Cal.App.3d at pp. 600-601) or permit the defendant to raise the undetected issue for the first time on appeal. (*People* v. *Sedillo, supra,* 135 Cal.App.3d 616.)

The court in *Wilder* overlooked the fact that while *Badillo* does require the prosecution to bear the burden of proving the justification for a warrantless search, it also requires the defendant bear the burden of showing that the police officers acted unlawfully. (*Badillo* v. *Superior Court, supra,* 46 Cal.2d 269, 272.) It also disregarded the fact *Badillo* does not address the pleading requirement that the moving party in a motion to suppress evidence must articulate the reasons why he or she is seeking to suppress that evidence.

Moreover, while the *Wilder* court ignored the holding of *People* v. *Manning, supra,* 33 Cal.App.3d 586, 596, we do not. *Manning* dealt with the question of the burden of proof and the pleading procedures of section 1538.5. That court stated: "While as a general rule of practice any moving party bears the burden of producing evidence, as well as the burden of persuasion, 'suppression litigation' is unique in many respects. It seems plain that the intention behind section 1538.5 was to impose, by reference to long-standing criminal precepts and to motion practice generally, the procedural burdens borne by all moving parties and to leave the constitutional rules and attendant burdens of proof as they lay." (See also *People* v. *Johnson* (1980) 108 Cal.App.3d 175, 179-180 [166 Cal.Rptr. 419].)

We agree with the court in *Manning* that moving parties can be compelled to produce evidence and to specifically plead the theories or grounds upon which the motion to suppress is brought. The burden of proof as to the justification for a warrantless search always remains on the prosecution notwithstanding the pleading requirements.

Generally, a section 1538.5 motion, like any other motion is "an application to the court for an order." (*Smith* v. *Superior Court, supra,* 76 Cal.App.3d 731, 734; Code Civ. Proc., § 1003.) The defendant must communicate to the court in some manner what order is desired and upon what grounds. (*Smith, supra.*) Although section 1538.5 does not require any specific form of pleading nor delineate the theories upon which a motion to

suppress evidence must be based (see *People* v. *Manning, supra,* 33 Cal.App.3d 586, 596-597, 600-601), normal pleading practice requires the moving party to set forth the specific grounds or theories on which the motion is based. (*Smith* v. *Superior Court, supra,* 76 Cal.App.3d 731, 734; see also *People* v. *Johnson, supra,* 108 Cal.App.3d 175, 179-180.) In the recent case of *Anderson* v. *Superior Court* (1988) 206 Cal.App.3d 533 [253 Cal.Rptr. 651], the court there noted that, although case law has not usually required defendants to follow rigid procedures to bring section 1538.5 motions, the defendant must still make the basis for the motion clear, and must seek and obtain an unambiguous ruling on the motion. (*Id.* at p. 542.)

While section 1538.5 does not discuss pleading requirements, it does speak to the issue of the burden of proof. Subdivision (n) of section 1538.5 provides that "[n]othing in this section shall be construed as altering . . . (iii) the law relating to the burden of proof regarding the search or seizure." A suppression motion calls for a preliminary fact determination (Evid. Code, § 400; *People* v. *MacIntosh* (1968) 264 Cal.App.2d 701 [70 Cal.Rptr. 667]) requiring the court to allocate the burden of producing evidence and the burden of proof on each disputed issue as implied by the rule of law under which the question arises. (Evid. Code., § 405(a).) The burden of producing evidence is the obligation of a party to introduce evidence sufficient to avoid a ruling against him or her on the issue in question. (Evid. Code, § 110.) To make a prima facie case, the party raising an issue has the initial burden of introducing evidence.

In the case of evidence gathered from alleged warrantless searches, it is the defendant who has the burden of going forward with evidence to show that the search was without a warrant and then the burden rests on the prosecution to show justification for the search. (*Badillo* v. *Superior Court, supra,* 46 Cal.2d 269, 272.) ■ A mere allegation in the moving papers that a search was warrantless, however, does not satisfy the defendant's burden of proof; allegations are not evidence. Nor are requirements of pleading the same as the burden of proof.

Few cases have discussed *Wilder* since it was announced in 1979. One such case, *People* v. *Palmquist* (1981) 123 Cal.App.3d 1, 12, footnote 7 [176 Cal.Rptr. 173], cited *Wilder* with approval while ultimately resolving on the merits against the defendant Palmquist an issue raised for the first time in his appellate reply brief. The court in *Palmquist,* however, permitted Palmquist to raise that issue because it was based on new case law.

Since *Palmquist,* the Fifth District Court of Appeal, which issued the *Wilder* opinion, has returned to *Wilder* in two separate cases, *People* v.

*Sedillo, supra,* 135 Cal.App.3d 616 and *People* v. *Britton* (1984) 156 Cal.App.3d 689, 698-700 [202 Cal.Rptr. 882].

The court in *Sedillo* reaffirmed the procedural holding of *Wilder* and allowed the defendant there to raise a new issue on appeal. Without any analysis, it distinguished Supreme Court cases which hold a defendant's failure to make a specific objection precludes appellate review on the basis those cases did not discuss the *"Wilder"* procedure. (*People* v. *Sedillo, supra,* 135 Cal.App.3d 616, 625.)

The court in *Britton* then attempted to distinguish the pleading requirements for motions dealing with alleged illegal entry from those dealing with arrest or seizure of evidence and falling under the procedural ruling in *Wilder.* The defendant in *Britton* raised the issue of a "knock and notice" violation (§ 844) at the preliminary examination. He did not, however, specifically raise that issue again at the suppression hearing in the superior court. Britton merely presented his motion based on the "Wilder" procedure.

On appeal, Britton contended he should be allowed to raise the "knock and notice" issue for the first time on appeal, citing the *Wilder* decision. The court rejected that contention, distinguishing "entry" issues arising from section 844 from those cited in *Wilder* having to do with warrantless searches. The attempted distinction seemed to be based upon *Wilder*'s assessment that the burden of proof was on the prosecution as to the justification for warrantless searches.

The difficulty with the *Britton* distinction, however, is that the prosecution bears the same burden of proof of justification for an entry pursuant to section 844 as it does with regard to justification for warrantless searches and seizures. (See *Badillo* v. *Superior Court, supra,* 46 Cal.2d 269, 272, where the court said: " . . . and he burden then rested on the prosecution to introduce evidence that the officers had reasonable cause to break and enter to make an arrest. (See Pen. Code, § 844.)") We thus find the attempted distinction in *Britton* of *Wilder* undercuts *Wilder*'s vitality and demonstrates the confusion produced by its ill-conceived procedure.

Since section 1538.5 contains no specific pleading requirements, trial courts can make local rules dealing with the filing of such motions in order to aid the court in controlling its calendar and to ensure that judges will be fully informed on the matters they must decide. (*People* v. *Lewis* (1977) 71 Cal.App.3d 817, 820 [139 Cal.Rptr. 673].) Pleading requirements are an orderly system of properly framing the issues to be decided,

researched, and understood designed to assist trial judges with the staggering case loads with which they must deal.[8]

Because we find the court's analysis in *Wilder* for promulgating a procedure by which a moving party does not have to specify the grounds for its motion to suppress is defective for failing to recognize the difference between the burdens of proof and the burdens placed on a moving party in bringing a motion before the court in the first instance and for incompletely analyzing the issue in light of existing authority, we conclude *Wilder* was erroneously decided.[9]

The El Cajon Municipal Court was thus not precluded by the procedure in *Wilder* from adopting its own rules to assist it in the framing of issues its judges must decide. Hallman has not shown that rule is in any way invalid as adopted.

We, therefore, find that the trial court was correct in following rule 604. As noted earlier, that rule requires more specificity of pleading than that required by *Wilder* and more than that offered by Hallman in his motion papers. Without the specific grounds for bringing the motion and points and authorities to support those grounds, Hallman's motion was not properly filed. The court was well within its discretion to deny the motion without prejudice to Hallman's filing a more specific pleading which would properly frame the issues for determination by that court.[10]

## DISPOSITION

The judgment is affirmed.

---

[8]The 1989 Annual Report of the Judicial Council of California shows that during fiscal year 1987-1988 the nontraffic misdemeanors filed in the municipal and justice courts of California numbered 16,057,210. The felony filings in San Diego County for the same time period were 17,201. (Ann. Rep. of the Admin. Office of the Cal. Courts (1989) Vol. II, pp. 114 & 98.)

[9]A reference to *Wilder* by our Supreme Court in *People v. Williams* (1988) 45 Cal.3d 1268 [248 Cal.Rptr. 834, 756 P.2d 221] does not require a different result. There the court merely commented in a footnote that any error by the trial court refusing to follow *Wilder* was plainly harmless. (*Id.* at p. 1304, fn. 3.) The court in *Williams* did not address the merits of that procedural rule.

It did, however, in an earlier case, recognize a defendant's obligation to specify the precise grounds for bringing a section 1538.5 motion to suppress evidence, citing *Manning.* (*People v. Brooks* (1980) 26 Cal.3d 471, 480 [162 Cal.Rptr. 177, 605 P.2d 1306].)

[10]The Attorney General additionally contends that Hallman failed to satisfy his burden of proving that the police officers acted unlawfully and that a *Wilder* motion is contrary to constitutional principles governing search and seizure, as well as the California Constitution, article I, section 28, subdivision (d), and other established procedural requirements. As these issues are unnecessary to the disposition of this case, we decline to address them.

Kremer, P. J., concurred.

**WIENER, J.,** Concurring and Dissenting.—I concur in part I of the judgment. I agree the doctrines of res judicata, collateral estoppel and law of the case do not bar Hallman from seeking further review of the denial of his Penal Code section 1538.5 motion in his appeal from the judgment of conviction. I dissent from the balance of the opinion.

I

My first point of disagreement is with the majority's insistence that we review an issue not certified to us by the appellate department of the superior court. The hierarchical system within which we work presupposes a winnowing process in which legal and factual issues are first decided at the lowest level. It necessarily requires restraint by higher courts so that the refinement process at the lower level can first occur before higher court intervention.

In applying the doctrine of the law of the case to deny Hallman's appeal, the appellate department did not reach the issue discussed at length by the majority in part II. The appellate department certified this case to us solely because of the question which we answer in part I. There is nothing in the appellate department's order or in any of the documents in the record before us suggesting the appellate department was reluctant to decide the alleged invalidity of rule 604 after we returned the case to it. So far as I am aware, the appellate department has never discussed the validity and/or application of rule 604 in a written opinion. Consistent with customary and proper procedure, I believe we should allow it to do so here and, if appropriate, certify that question to us. Because my colleagues are not similarly restrained, I must respond to the majority's discussion of rule 604 explaining why I disagree with their conclusions.

II

The majority manifest their strong dislike of *Wilder* v. *Superior Court* (1979) 92 Cal.App.3d 90 [154 Cal.Rptr. 494] in a number of ways characterizing that portion of *Wilder* with which they disagree as "dictum", (maj. opn., *ante,* at p. 1338), "confused" (maj. opn., *ante,* at p. 1339), "ill-conceived" (maj. opn. p. 1341), or "erroneously decided" (maj. opn., *ante,* at p. 1342). I find the zeal underlying these varying descriptions somewhat surprising since I conclude *Wilder* and rule 604 say the same thing. Both *Wilder* and rule 604 require the defendant's motion to specifically describe the evidence to be suppressed and the ground or theory on which the arguments are based. (*Wilder,* 92 Cal.App.3d at pp. 96-97; rule 604 quoted

in maj. opn., *ante,* at p. 1337.) I see no difference between the procedural requirements articulated in *Wilder* and those required by rule 604.

Regardless of the correctness of my conclusion, the majority's disagreement with *Wilder* appears to be limited to *Wilder*'s approval of a defendant's initial pleading which simply alleges that certain evidence was seized without a warrant and places the burden of a responsive pleading on the prosecution. The majority conclude such an initial pleading lacks the specificity to require the prosecutor to respond. *Wilder* erred, we are told, in confusing pleading requirements, the burden of producing evidence and the ultimate burden of proof. (Maj. opn., *ante,* at p. 1339.) According to the majority, "moving parties [i.e., defendants] can be compelled to produce evidence and to specifically plead the theories or grounds upon which the motion to suppress is brought. The burden of proof as to the justification for a warrantless search always remains on the prosecution notwithstanding the pleading requirements." (Maj. opn., *ante,* at p. 1339.) Later, we are reminded that "requirements of pleading [are not] the same as the burden of proof." (*Ante* at p. 1340.) To read the majority's reasoning, one would think there is no relationship between pleading and proof requirements.

It is well established that the defendant, as the moving party in a section 1538.5 proceeding, bears the burden of demonstrating unlawful conduct by law enforcement officials. (*Badillo* v. *Superior Court* (1956) 46 Cal.2d 269, 272 [294 P.2d 23].) The defendant may meet this burden in two ways. If the evidence sought to be suppressed was seized pursuant to a warrant, the defendant must establish the invalidity of the warrant or that the seizure exceeded the warrant's scope. If no warrant was involved, however, a prima facie case of unlawful police conduct is established when the defendant demonstrates that a warrantless search occurred. (*Ibid.*; *Guidi* v. *Superior Court* (1973) 10 Cal.3d 1, 15, fn. 15 [109 Cal.Rptr. 684, 513 P.2d 908].) The burden then shifts to the prosecution to prove by a preponderance of the evidence the exception to the warrant requirement which justifies the seizure. (*Ibid.*)

I can think of no instance in our criminal or civil justice system in which we require a pleader to plead more than facts which would constitute a prima facie case. But that is exactly what the majority do here. Interestingly, although they deem Hallman's motion lacking in the "specificity of pleading" required by their interpretation of rule 604, the majority do not tell us what they believe would be a sufficient pleading. If pleading a prima facie case is not sufficient, I can only assume the majority would require a defendant to anticipate the justification(s) on which the prosecutor will rely and *attempt to rebut* the anticipated argument. Putting aside questions of fairness, such a system is clearly inefficient.

Perhaps an unstated assumption of the majority opinion is that in many or most cases, defense counsel have a pretty fair idea how the prosecution will seek to justify the warrantless seizure.[1] Here, for, example, a simple case of misdemeanor drunk driving, it may be relatively easy to anticipate the People will allege that the police officer had reasonable cause to detain the defendant on suspicion of drunk driving, that during the detention certain facts came to the attention of the officer which gave rise to probable cause to arrest and that a search incident to that arrest yielded additional evidence. Even in a simple case, however, a defendant should not be forced to guess. There is no reason a prosecutor should be unable to tell the court and defense counsel why the police were justified in seizing a particular item of ·evidence without a warrant.

Where the issues are more complex (see, e.g., *People* v. *Williams* (1988) 45 Cal.3d 1268, 1289-1294 [248 Cal.Rptr. 834, 756 P.2d 221]), the procedure mandated by the majority becomes positively unwieldy because of the possibility defense counsel will guess incorrectly as to one or more links in the prosecution's chain of reasoning. The results are predictable: The motion papers are overinclusive, causing an unnecessary burden on the court. Where issues are missed, additional points and authorities must be filed which are either late or require postponement of the hearing. Alternatively, a hearing is held in which neither the parties nor the court is exactly sure what the critical issues are. Procedural economy and efficiency are important criteria on both sides of the courtroom. Here, the majority's departure from precedent can be justified solely by a concern with easing the burden on the district attorney's office.

The majority note two "vices" with the *Wilder* procedure which, in their view, justify a contrary rule. First, citing *People* v. *Manning, supra,* 33 Cal.App.3d 586, 600-601[2], they suggest that *Wilder* "requires the prosecu-

---

[1] A distinction should be drawn between the items to be suppressed, which the defendant should know about by way of discovery and can reasonably be expected to specify (see *People* v. *Manning* (1973) 33 Cal.App.3d 586, 597 [109 Cal.Rptr. 531]), and the prosecution's theory of justification for a warrantless seizure, as to which the defendant can only guess. Here, for instance, Hallman's moving papers identified numerous items of evidence he sought to be suppressed, alleged the seizures were without a warrant, and cited points and authorities in support of the proposition that proof of the lack of a warrant establishes a prima facie case of illegality and shifts to the People the burden of proving justification for the warrantless seizure.

[2] If the portion of *Wilder* which troubles the majority is accurately termed "dicta," the portions of *Manning* on which they rely are even more so. The defendant in *Manning* made an oral motion to suppress which identified one particular item of evidence without excluding others but asserted no grounds for the motion—not even that the seizure was without a warrant and thus presumptively invalid. (33 Cal.App.3d at p. 590.) While the *Manning* court concluded that such a specification of grounds for the motion was insufficient, it, like the majority here, never explains what *would be* sufficient. Later in the opinion, the court explains

tor to canvass the entire area of search and seizure law and to raise all conceivable issues . . . ." (Maj. opn., *ante,* at p. 1339.) Respectfully, the majority overstate their argument. As the court explained in *People* v. *Sedillo* (1982) 135 Cal.App.3d 616, 624 [185 Cal.Rptr. 475], *Wilder* "does not require the prosecution to prove a negative, to refute facts not at issue, but only affirmatively to prove the justification for a warrantless search and seizure." Perhaps it reflects my naivete, but I had always assumed the model underlying judicial interpretation of the Fourth Amendment was that law enforcement officials should understand the justification for a warrantless search or seizure *before* the fact rather than afterwards. At least, I thought, a prosecuting attorney removed from the "heat of battle" would not oppose a suppression motion unless he or she could articulate a complete justification for a warrantless seizure.

It is, I suspect, the second *Wilder* "vice" which more concerns the majority. Accurately viewed, however, their quarrel is not with *Wilder* but with a later case (*People* v. *Sedillo, supra,* 135 Cal.App.3d 616) interpreting it. *Sedillo* held that a defendant could raise for the first time on appeal legal attacks on the prosecution's proffered justification for a warrantless seizure. If the facts as developed by the prosecutor at the section 1538.5 hearing are insufficient to rebut the new attack, *Sedillo* concludes the appellate court must reverse the order denying the suppression motion and order that the evidence be suppressed. (*Id.* at p. 625.)

The majority term the *Sedillo* holding a "potential trap for the trial court." (Maj. opn., *ante,* at p. 1339.) It seems to me the trap—if indeed

---

that the insufficiency of the defendant's pleading was immaterial because it "was at least largely overcome in this instance by the court's urging and announcement of the basis for its ruling and by the participation and argument of both counsel. Inasmuch as the motion was thus heard and determined, this appeal from the order of suppression is appropriate for determination." (*Id.* at p. 598.)

Unlike the majority, I am not even sure that *Manning's* dicta support their conclusion that a *Wilder*-type motion is an inadequate first pleading by a defendant bringing a suppression motion. While the portions cited in the majority opinion, taken out of context, might suggest such a result, other passages in the opinion have a somewhat different flavor. In particular, toward the end of its opinion, the *Manning* court explained that while it was not possible to articulate "definitive" appellate standards for passing on suppression rulings, it would recite several of the rules which have "evolved": "[T]he burden is clearly upon the defendant, as moving party, to raise the issue of illegally obtained evidence. [Citation.] It has been held, however, that when a defendant raises an issue as to the illegality of an arrest or search, he makes 'a prima facie case' when he establishes that an arrest or search was made without a warrant and that 'the burden then rests upon the prosecution to show proper justification.' [Citations.] . . . [¶] As to the way in which the defendant's 'grounds' or the People's 'justification' should or must be raised in the trial court before a reviewable issue is presented, we have indicated that it is clearly preferable for the defendant's grounds to be set forth in his motion. In the nature of things, the People's theory or justification can be determined only from the evidence and argument offered." (*Id.* at pp. 600-601.) In contrast to the majority, I see nothing in this description necessarily inconsistent with the approach suggested by *Wilder.*

there is a trap—is for the prosecutor and not the trial court. In any event, the sole issue presented by this case is the sufficiency of Hallman's initial moving papers. In contrast, *Sedillo* involves a defendant's failure *at any stage of the 1538.5 proceedings in the trial court* to identify a flaw in the prosecution's proffered justification for a warrantless seizure of evidence. Whether such a failure should constitute a waiver of that argument for the purposes of appellate review is a question which might be presented in another case. I respectfully suggest, however, that in their haste to do a thorough housecleaning, the majority have thrown out the *Wilder* baby with the *Sedillo* bath water in a case in which the wisdom of the *Sedillo* rule is simply not before us.

In conclusion, were we to reach the *Wilder* issue, I would hold that the trial court erred in denying on procedural grounds Hallman's motion to suppress. Accordingly, the judgment should be reversed to allow Hallman to withdraw his guilty plea. If he decides to do so, the court should reopen the section 1538.5 hearing to allow the People to plead and prove their justification for the warrantless seizure of evidence.

A petition for a rehearing was denied December 15, 1989. Wiener, J., was of the opinion the petition should be granted. Appellant's petition for review by the Supreme Court was denied March 15, 1990. Mosk, J., and Broussard, J., were of the opinion that the petition should be granted.