[No. D009485. Fourth Dist., Div. One. Nov. 21, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
ISABELLA VAELUA DAVIS, Defendant and Appellant.

COUNSEL

Gordon M. Jackson, Jr., for Defendant and Appellant.

John W. Witt, City Attorney, Stuart H. Swett, Chief Deputy City Attorney, and Ward S. Clay, Deputy City Attorney, for Plaintiff and Respondent.

OPINION

WIENER, J.— ■  In a companion case decided today (*People* v. *Hallman, ante,* p. 1330 [264 Cal.Rptr. 215]), this court concluded that "contrary to the procedure adopted in *Wilder* v. *Superior Court* [(1979)] 92 Cal.App.3d 90, . . . trial court[s] can, by local rule, require the moving party in [Penal Code] section 1538.5 motions to set forth with specificity the grounds and theories to support the motion to suppress evidence." (*Ante,* at p. 1333.) Like the defendant in *Hallman,* defendant Isabella Vaelua Davis here relies on *Wilder* to justify her failure to file detailed legal and factual arguments in support of her suppression motion.[1] The majority opinion in *Hallman* declining to follow *Wilder* necessarily requires that we reject Davis's arguments here.

Even had *Hallman* reached a different conclusion, however, reversal of this case would not be required. Here, in contrast to *Hallman,* the People

---

[1] Also as in *Hallman,* we asked the Attorney General to file a letter brief on the matter and to include a discussion of the applicability and persuasiveness of *Wilder* as it concerns suppression motions alleging a warrantless search and seizure.

assumed *Wilder* applied and did plead a theory of justification for the warrantless detention of Davis on suspicion of driving under the influence of alcohol. Davis chose not to respond to the People's submission. Finding that the pleadings "raised no disputed issue of fact," the court denied the motion without requiring the People to present any evidence.

Relying on the People's concession and the trial court's finding that there was a warrantless seizure in this case, Davis contends the People failed to meet their burden of proving an applicable exception to the warrant requirement because they presented no evidence at the Penal Code section 1538.5 hearing. She suggests that the defendant's responsive pleading referred to in *Wilder, supra,* 92 Cal.App.3d at page 97 is an optional exercise which, if not filed, should obligate the People to conduct a full-scale evidentiary hearing at which all facts necessary to demonstrate the justification are proved. In short, Davis argues, there is no section 1538.5 equivalent to a civil judgment on the pleadings.

We do not view the Penal Code section 1538.5 procedures in as procrustean a fashion as does Davis. As we recognized in *Hallman,* local rules may legitimately provide procedures which facilitate the resolution of a suppression motion. (*Ante,* at p. 1341; see *People* v. *Lewis* (1977) 71 Cal.App.3d 817, 820 [139 Cal.Rptr. 673].) Here, rule 31 of the local Municipal Court Rules for the San Diego Judicial District required a movant to "specifically state the theory or theories which shall be relied upon and urged for the suppression of evidence; and cite the specific authority or authorities which will be offered in support of the theory or theories upon which suppression of the evidence is urged." Even under *Wilder,* a defendant cannot totally ignore local rule requirements which mandate specific argument supported by authorities. Certainly where, as here, the People have identified the justifications on which they will rely, such specific argument must be provided in a responsive pleading filed by the defendant.

Common sense suggests that an evidentiary hearing only be required where there are disputed issues of fact to be resolved. The express language of Penal Code section 1538.5 supports this result. Subdivision (c) provides in part that the judge "shall receive evidence on any issue of fact necessary to determine the motion." Obviously where there is no dispute as to the facts, the receipt of evidence is not "necessary" to decide the motion.

Federal courts have reached a similar conclusion interpreting virtually identical statutory language in rule 41(e) of the Federal Rules of Criminal

Procedure (18 U.S.C.).[2] Referring to the statute, the Ninth Circuit Court of Appeals has explained: "Evidentiary hearings need not be set as a matter of course, but if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question, an evidentiary hearing is required." (*United States* v. *Ledesma* (9th Cir. 1974) 499 F.2d 36, 39; accord *United States* v. *Poe* (5th Cir. 1972) 462 F.2d 195, 198; *Grant* v. *United States* (2d Cir. 1960) 282 F.2d 165, 170.)

Here, Davis never disputed the People's statement of facts nor alleged a different set of facts which would have entitled her to relief, despite being given the opportunity to do so. Accordingly, the municipal court did not err in denying the motion without conducting an evidentiary hearing.

*Disposition*

Judgment affirmed.

Kremer, P. J., and Huffman, J., concurred.

A petition for a rehearing was denied December 14, 1989, and appellant's petition for review by the Supreme Court was denied March 15, 1990. Mosk, J., and Broussard, J., were of the opinion that the petition should be granted.

---

[2] Rule 41(e) provides in relevant part: "A person aggrieved by an unlawful search and seizure may move the district court . . . for the return of the property . . . . The judge shall receive evidence on any issue of fact necessary to the decision of the motion. . . ."