[No. C016269. Third Dist. Oct. 26, 1993.]

KENNETH DEAN COX, Petitioner v.
THE SUPERIOR COURT OF SHASTA COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Frank J. O'Connor, Public Defender, and James E. Pearce, Deputy Public Defender, for Petitioner.

No appearance for Respondent.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Margaret Garnand Venturi and Alan Ashby, Deputy Attorneys General, for Real Party in Interest.

## OPINION

**SPARKS, Acting P. J.**—Petitioner Kenneth Dean Cox, a defendant in a criminal prosecution below, contends he was illegally committed because the magistrate, relying on local court rules, refused to let him move for suppression of evidence at the preliminary hearing on the ground the motion was untimely under local rules. We shall hold that the relevant portions of the local rules are invalid because they conflict with state law and that the information must be dismissed for denial of a substantial right.

### PROCEDURAL HISTORY

On May 20, 1993, Cox appeared for preliminary hearing on charges of possession of a controlled substance, sale or transportation of a controlled substance and possession for sale of a controlled substance. At the outset of the hearing, the prosecution called to the stand the investigating officer who began to testify about a traffic stop of a car driven by Cox. Defense counsel interrupted this testimony to inform the magistrate that Cox intended to move to suppress evidence obtained as a result of the traffic stop under Penal Code section 1538.5 (further undesignated statutory references are to this code).

The prosecutor objected to the suppression motion on the ground Cox had failed to give notice of the motion as required by the Unified Local Rules of Court for the Shasta County Municipal Court, rules 7.03(E) and 10.03 (hereafter local rules).[1] Defense counsel rejoined that the local rules are inconsistent with state law and are unconstitutional. The magistrate sustained the prosecutor's objection and refused to permit Cox to make the suppression motion, noting that defense counsel failed to inform the court the previous day of counsel's intention to move to suppress evidence, and that

---

[1] Although the local rules are part of the Unified Local Rules of Court for the Shasta County Superior and the Shasta County Municipal Courts, local rules 7.03 and 10.03 are expressly made applicable to only the municipal court. Local rule 7.03(E) provides: "All motions pursuant to Penal Code § 1538.5 shall be in writing and shall be scheduled on a regular motion date prior to trial. The notice of motion and motion shall specifically describe and list the evidence which is the subject of the motion to suppress; and shall specifically state the theory or theories which shall be relied upon and the legal authorities supporting the theory or theories upon which suppression of the evidence is urged."

Local rule 10.03 provides: "All motions pursuant to Penal Code § 1538.5 shall be heard in conjunction with, and at the time of the preliminary hearing. Absent good cause shown, such motions shall only be heard if on written notice, filed and served no later than the time of the felony plea/disposition conference, which written motion shall specify with particularity the items to be suppressed and the grounds for suppression, asmore particularly delineated in Rule 7.03(E) herein."

the appellate division of the superior court had found the local rules constitutional, apparently in an unpublished opinion.[2]

The investigating officer then testified officers searched Cox's car without his permission, finding methamphetamine in a purse on the vehicle's front seat. Officers also found on Cox's person empty plastic baggies, a paper with numerals indicating unit weights of drugs and a motel key. Without obtaining a warrant or Cox's permission, officers searched the motel room associated with the key, uncovering eight more baggies, each containing methamphetamine. A body cavity search of Cox's passenger revealed additional methamphetamine. After being advised of his rights under *Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974], Cox admitted he owned the methamphetamine found in the car and incriminated himself regarding the methamphetamine discovered in the motel room. At the conclusion of the preliminary hearing, the magistrate held Cox to answer on all counts.

After his arraignment in the superior court, Cox moved to dismiss the information pursuant to section 995, subdivision (a)(2)(A), on the ground he was not legally committed because the magistrate's refusal to entertain his suppression motion denied him a substantial right at the preliminary hearing. The respondent superior court denied the motion to dismiss.

Cox sought review of the respondent court's order by petition for writ of prohibition. (See § 999a.) We stayed trial in the instant matter and requested opposition from the People. Thereafter, we notified the parties we were considering issuing a peremptory writ of prohibition in the first instance and fixed a date for any further opposition to the petition to be filed. Having considered the opposition, we shall order a writ of prohibition to issue.

## DISCUSSION

A defendant may move to suppress evidence obtained as the result of a warrantless search on the ground the search was unreasonable. (§ 1538.5, subd. (a)(1).) "If the property or evidence relates to a felony offense initiated by a complaint, the motion shall be made in the superior court only upon filing of an information, except that the defendant may make the motion at the preliminary hearing in the municipal or justice court but the motion in the municipal or justice court shall be restricted to evidence sought to be introduced by the people at the preliminary hearing." (§ 1538.5, subd. (f).)

---

[2]According to the Attorney General's undisputed representation, the Shasta County Municipal Court has an informal practice of conducting plea/disposition conferences the day before the preliminary examination. Cox concedes he failed to give notice of his suppression motion at the plea/disposition conference, as required by the local rules.

In *People* v. *Ciraco* (1986) 181 Cal.App.3d 1142 [226 Cal.Rptr. 541], we held the Legislature intended by its use of the phrase "at the preliminary hearing" in subdivision (f) of section 1538.5 that a defendant may move to suppress evidence during the preliminary hearing without prior notice to the prosecution. We concluded the magistrate erred in precluding Ciraco's suppression motion made at the preliminary hearing without prior notice because "[t]he phrase 'at the preliminary hearing' means *during* the preliminary hearing" and because subdivision (f) does not expressly require notice, unlike subdivision (i) of section 1538.5, applicable to felony suppression motions at special hearings in the superior court. (181 Cal.App.3d at p. 1145, italics in original.) Thus, we concluded that a reasonable inference is raised that ". . . the Legislature intended no prior notice is required where the motion is made at the preliminary hearing." (*Ibid.*) We opined that this construction of the statute promotes its purpose and renders it reasonable because the defendant is often unaware prior to the preliminary hearing of the evidence the prosecution will seek to introduce or the manner in which the evidence was obtained. "Consequently a requirement of advance notice would mean either that defense counsel would have to be clairvoyant, or that a preliminary hearing would have to be interrupted and continued in order to allow notice to be given, or that valid constitutional objections to a search or seizure could not be made at the preliminary hearing. None of these alternatives is reasonable." We therefore concluded that neither written nor oral notice of motion should be required for suppression motions made at preliminary hearings. (*Ibid.*; see also *Bruner* v. *Superior Court* (1989) 207 Cal.App.3d 1193, 1196 [255 Cal.Rptr. 462].) However, we did not reverse the judgment because defendant Ciraco was not prejudiced because he received a de novo suppression hearing in the superior court. (*People* v. *Ciraco, supra,* 181 Cal.App.3d at pp. 1146-1147.)

In a footnote, we explained in *Ciraco* that former rule 13 of the Sacramento County Municipal Court Rules, which required that notices of motion be in writing and include the grounds of the motion and supporting authorities, did not apply to suppression motions made at the preliminary hearing because former rule 13 applied only " '[w]henever notice of a motion is given.' " (181 Cal.App.3d at p. 1146, fn. 6, italics in original.) Our footnote ended with the dictum: "Also, by this interpretation, former local rule 13 did not unlawfully conflict with the statutory authorization for oral motions implicit in subdivision (f) of section 1538.5. (See Gov. Code, § 68070; *Lang* v. *Superior Court* (1984) 153 Cal.App.3d 510, 515-516 [200 Cal.Rptr. 526].)" (*Ibid.*)

Although dictum, our suggestion in *Ciraco* that local rules may not impose a noticed motion procedure on suppression motions at preliminary hearings

was logically compelled by our holding in *Ciraco* that the Legislature intended that the motion may be made during the preliminary hearing without prior notice. (*People* v. *Ciraco, supra*, 181 Cal.App.3d at pp. 1145-1146.) ■ Consequently, we now hold local rules 7.03(E) and 10.03 are inconsistent with law to the extent they impose a noticed motion procedure on suppression motions made during preliminary hearings.[3]

The Attorney General contends we should not follow the dictum in *Ciraco* for several reasons, none of which we find persuasive. Primarily, he argues the *Ciraco* dictum conflicts with the better reasoned holdings of *People* v. *Davis* (1989) 215 Cal.App.3d 1348 [264 Cal.Rptr. 225], *People* v. *Hallman* (1989) 215 Cal.App.3d 1330 [264 Cal.Rptr. 215] and *People* v. *Lewis* (1977) 71 Cal.App.3d 817 [139 Cal.Rptr. 673]. As we shall explain, the cited cases may be distinguished and in fact rely on authority which supports our reasoning in *Ciraco* and our conclusion in this case. The *Lewis* court held that a local rule requiring written notice of suppression motions in misdemeanor cases is consistent with the language of section 1538.5, subdivision (g), providing for a special hearing in the municipal or justice court. (71 Cal.App.3d at pp. 820-821.) *Hallman* and *Davis* hold that such local rules regarding noticed motions at special hearings in misdemeanor cases further do not conflict with case law placing the burden of proof on the People to justify warrantless searches. (*People* v. *Hallman, supra*, 215 Cal.App.3d at pp. 1339-1342; *People* v. *Davis, supra*, 215 Cal.App.3d at p. 1349.)

These cases reach back for authority to *People* v. *Manning* (1973) 33 Cal.App.3d 586 [109 Cal.Rptr. 531]. In *Manning*, the court canvassed the various forums for suppression motions provided by section 1538.5, principally, in misdemeanor cases, at a special hearing in the municipal court (subd. (g)), and in felony cases, at the preliminary hearing (subd. (f)) and/or at a special hearing in the superior court (subd. (i)). The court explained that, with regard to the two motions to be heard at special hearings, ". . . it is apparent that the section merely contemplated the applicability of generally prevailing motion practice." (33 Cal.App.3d at p. 594.) The court suggested that while subdivision (g) in itself does not impose a written motion procedure, the courts may enact local rules requiring noticed motions for suppression hearings. (33 Cal.App.3d at pp. 597-598.) However, the *Manning* court expressly contrasted a suppression motion at either of the special hearings with such a motion at a preliminary hearing, and described the latter as "a

---

[3]Government Code section 68070 provides in pertinent part: "Every court may make rules for its own government and the government of its officers not inconsistent with law or with the rules adopted and prescribed by the Judicial Council."

It follows that a court rule which is inconsistent with a statute is invalid. (See 2 Witkin, Cal. Procedure (3d ed. 1985) Courts, § 156, p. 183 [collecting cases].)

course which obviously does not lend itself to prior written notice of motion." (*Id.* at p. 597.) This analysis informed our discussion in *People* v. *Ciraco, supra*, 181 Cal.App.3d at page 1145.

Complementary to the Attorney General's argument that *Ciraco* is less well reasoned than other authority is his attack on the reasoning of *Ciraco*. Specifically, he asserts that *Ciraco*'s conclusion that the Legislature intended there not be a notice requirement for suppression motions at preliminary hearings ignores *Manning*'s analysis that legislative silence regarding procedure in section 1538.5 suggests the statute speaks with reference to "established motion practice." The Attorney General's selective reliance on *Manning* ignores that the reference was solely to motions at the special hearings provided by subdivisions (g) and (i) of section 1538.5. (See *People* v. *Manning, supra*, 33 Cal.App.3d at pp. 594, 597.)

Next, the Attorney General contends changes wrought by Proposition 115, including the amendment of section 872, subdivision (b), to permit hearsay testimony at preliminary hearings, sufficiently altered the law to justify a departure from our decision in *Ciraco* given that now it is more likely that the prosecution will not have witnesses ready to respond to a preliminary hearing suppression motion absent advance notice of the motion. He argues that "[i]mposing *Ciraco*'s now obsolete interpretation of subdivision (f) onto the [Proposition 115 preliminary hearing] scheme runs counter to the entire purpose and intent of Proposition 115."

The advent of Proposition 115 does not change our analysis. Proposition 115 did nothing to limit a defendant's right to move to suppress evidence at the preliminary hearing; nor did the proposition abrogate our holding in *Ciraco*. As we explained in *Ciraco*, only the prosecution will know for certain what evidence is to be presented at the preliminary hearing and the manner in which that evidence was obtained. The prosecution ought to be able to anticipate in most cases whether the evidence will be met by a motion to suppress; in such cases, the prosecution need merely make arrangements to have witnesses available in the event of a suppression motion. When the prosecution fails to anticipate the motion, ". . . the magistrate clearly retains discretion to continue the hearing upon an appropriate motion of a surprised prosecutor." (*People* v. *Ciraco, supra*, 181 Cal.App.3d at p. 1146.) We expect magistrates will liberally exercise such discretion in order to effectuate justice. A contrary rule, placing the onus on defendants to move in advance for the suppression of evidence of which they may not be completely aware, is not only unfair but too clearly presents the risk that defendants will be denied the substantial right of moving for suppression at the preliminary hearing.

The Attorney General further contends that the application of the "*Ciraco* rule" will violate the People's right to due process and a speedy trial, as guaranteed by article I, section 29 of the California Constitution. The Attorney General fails to demonstrate how the grant of a continuance for the People to prepare to meet a suppression motion in an appropriate case will deny due process or a speedy trial.

█ Finally, the Attorney General argues Cox suffered no prejudice because he can renew his motion in the superior court. We cannot accept such an argument. "Penal Code section 1538.5 gives a defendant the right to two rulings on a motion to suppress—one at the preliminary hearing and one in the superior court—although a defendant is entitled to only one full hearing. Failure to accord a defendant the statutory right to a suppression motion at the preliminary hearing requires the granting of a Penal Code section 995 motion. (*Cuevas* v. *Superior Court* (1976) 58 Cal.App.3d 406 [130 Cal.Rptr. 238].)" (*Bruner* v. *Superior Court*, *supra*, 207 Cal.App.3d at p. 1197.)

Having complied with the procedural requirements delineated in *Palma* v. *U. S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893], we are authorized to issue a peremptory writ in the first instance.

### DISPOSITION

Let a peremptory writ of prohibition issue restraining the respondent superior court from taking any further proceedings in Shasta County Superior Court No. F932697 except to dismiss the action. Upon this decision becoming final, the stay previously issued is vacated.

Sims, J., and Davis, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied February 10, 1994.